IN THE SUPREME COURT OF THE STATE OF DELAWARE

DEON HIGGIN, § 
§ No. 341, 2017
Defendant Below- §
Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware
STATE OF DELAWARE, §
§ Cr. ID No. 1512000326 (N)
Plaintiff Below- §
Appellee. §

Submitted: December 19, 2017
Decided: January 9, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 9th day of January 2018, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) In December 2016, the Superior Court sentenced the appellant, Deon Higgin, to three years of mandatory imprisonment following his conviction for Possession of a Firearm by a Person Prohibited. This Court affirmed Higgin's conviction on direct appeal but remanded for resentencing.[1] On August 11, 2017,

---

[1] *Higgin v. State*, 2017 WL 3048612 (Del. July 18, 2017).

the Superior Court resentenced Higgin to three years at Level V imprisonment, followed by six months at Level II probation. Higgin now appeals from that order.

(2)     Higgin's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Higgin's counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. By letter, Higgin's attorney informed him of the provisions of Rule 26(c) and provided Higgin with a copy of the motion to withdraw and the accompanying brief. Higgin also was informed of his right to supplement his attorney's presentation. Higgin has raised one issue claiming that his trial counsel was ineffective for failing to file a motion to suppress. The State has responded to the position taken by Higgin's counsel and the issue raised by Higgin and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

_____

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(4)     The sole issue raised by Higgin asserts that his trial counsel was ineffective for failing to file a motion to suppress.  But, this Court will not consider a claim of ineffective assistance of counsel on direct appeal if the issue was not decided on the merits by the trial court.[3]  Higgin did not raise, and the Superior Court did not consider, this issue below.   Thus, we do not consider Higgin's ineffectiveness claim in this appeal.  Such a claim is more appropriately raised in a motion for postconviction relief.[4]

(5)     The Court has reviewed the record carefully and has concluded that Higgin's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Higgin's counsel has made a conscientious effort to examine the record and the law and has properly determined that Higgin could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994).
[4] *Id.*